## No. 11,663.

### Colorado National Bank of Denver v. Navins.

Decided June 20, 1927.

Action on promissory notes.   Judgment for defendant.

*Reversed.*

1.   Chattel Mortgage—*Foreclosure—Sale.*   At private sale under chattel mortgage foreclosure, the law imposes no duty on the mortgagee to make the property bring the market price, or such price as would be paid in the event the sale was held at public auction.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Messrs. Bartels & Blood, Mr. Walter W. Blood, for plaintiff in error.

Mr. J. Nelson Truitt, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

The plaintiff in error sued the defendant in error on several promissory notes, and to have a judicial sale of collateral pledged to secure the payment of the notes. It also sued for money paid out to preserve and protect the collateral security.   The defendant pleaded a counterclaim.   The trial court found for the defendant on the counterclaim in an amount in excess of. the plaintiff's demand, and rendered judgment for the defendant for the difference.

The defendant admitted the execution and nonpayment of the notes; but, by way of counterclaim, alleged that on

December 22, 1923, the defendant was indebted to the plaintiff in an amount in excess of $11,000; that said indebtedness was secured by a chattel mortgage upon cattle, horses and hay owned by the defendant; that on or about that date the plaintiff and the defendant made an agreement to the effect that in consideration of the assignment by the defendant to the plaintiff of the former's interest in certain land in Saguache county, which interest was evidenced by certificates of purchase issued by the state board of land commissioners, the plaintiff would carry the defendant through the period of low prices for cattle, and would advance him money to care for his cattle, and would not foreclose and sell or compel the defendant to sell the cattle at a time when the price was low and it would be unprofitable to sell, and would allow the defendant to keep the cattle until such time as they could be sold at a profit and to advantage. The defendant further alleged that, pursuant to such agreement, he assigned to the plaintiff his interest in the land; that such assignment was for said consideration only, and not as security for his indebtedness to the plaintiff; that on November 8, 1924, the plaintiff, without the defendant's consent, took the mortgaged cattle and sold them for $11,394.67; that the plaintiff wholly failed and refused to allow the defendant to longer keep the cattle, "as agreed"; that at the time of the sale the price was low, and it was unprofitable to sell. The following additional averments are omitted from the abstract, but are found in the transcript: That the plaintiff did not use reasonable, ordinary or any diligence to obtain a buyer for said cattle, but sold them at a price lower than could have been obtained if plaintiff had used reasonable or ordinary diligence, and at a price lower than the market price therefor; that plaintiff did not use ordinary or reasonable diligence to properly classify said cattle so that they would bring the best price, and did not classify them in any ordinary or prudent manner; to defendant's damage in the sum of seven thousand five hundred dollars.

In its replication, the plaintiff admitted the defendant's indebtedness to the plaintiff, and that such indebtedness was secured by chattel mortgage, and denied the other averments in this counterclaim.

The defendant also pleaded a second counterclaim; but it need not be discussed, as the trial court found the issues on this counterclaim against the defendant, and no cross-error has been assigned.

The court's finding on the first counterclaim was not a general finding for the defendant, but a specific finding. The court found that at the sale the cattle brought $2,031.99 less than the market price. The court held, as a matter of law, that the plaintiff had a right to sell at private sale, but that "it was incumbent upon the plaintiff to make the property bring the market price, or such price as would be paid in the event the sale was held at public auction." Applying to the facts specifically found, the law as thus announced, the court rendered judgment for the defendant. The judgment itself contains no general finding for the defendant, but refers to the specific finding above recited.

The court did not find that there was any breach of contract by the plaintiff, or even that there was any contract such as the defendant pleaded in his counterclaim. There is no evidence that would support any such finding. The court did not find that the plaintiff did not use reasonable diligence to obtain a buyer for the cattle; or that the plaintiff did not use reasonable diligence to properly classify the cattle, so that they would bring the best price; or that the plaintiff did not classify them in a prudent manner. If any such findings had been made, they would have to be set aside as being unsupported by the evidence. But as no such findings were made, it is unnecessary to discuss the evidence in detail. The court found merely that at the sale the cattle did not bring the market price; and held, as a matter of law, that "it was incumbent upon the plaintiff to make the property bring the market price, or such price as would be paid in the

event the sale was held at public auction." The law imposes no such duty upon a mortgagee. Counsel for the defendant has not cited any authority that sustains the proposition of law announced by the trial court as the basis of its decision; nor has an independent search enabled us to find such authority.

The finding of the trial court is insufficient to support the judgment. There is no evidence that would sustain a finding for the defendant. An amendment of the defendant's pleading would not aid the defendant.

The judgment is reversed, and the case is remanded, with directions to the trial court to dismiss the first counterclaim, and to enter judgment for the plaintiff in accordance with the prayer of the complaint and the supplemental complaint.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS, and MR. JUSTICE CAMPBELL concur.